```
IN THE UNITED STATES DISTRICT COURT
  FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


JAMES J. CARTER,                  )
                                  )
          Plaintiff,              )
                                  )
     v.                           )      1:13CV613
                                  )
ARCHDALE POLICE DEPARTMENT,       )
DAVID JONES, CITY OF ARCHDALE,    )
GARLAND YATES, and RANDOLPH       )
COUNTY DISTRICT ATTORNEY'S        )
OFFICE,                           )
                                  )
          Defendants.             )
```

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the undersigned United States Magistrate Judge for a recommended ruling on Plaintiff's Motion for Emergency Stay and Injunction (Docket Entry 6). (See Docket Entry dated Aug. 8, 2013.) For the reasons that follow, the instant Motion should be denied.

### BACKGROUND

Plaintiff, proceeding pro se, brought the instant action complaining of violations of 42 U.S.C. § 1983 based, in part, on his alleged malicious prosecution in a state court criminal proceeding he identifies as case number "12CRS53047" (Docket Entry 1 at 2 (¶ 1(a)). (See id. at 2-32.)[1] Plaintiff now asks this

---

[1] Plaintiff subsequently filed a document he entitled "Plaintiff's Harassment Complaint," which the Clerk docketed as an Amended Complaint. (Docket Entry 5.) That filing, however, appears to represent a supplemental complaint in that, in it, Plaintiff seeks to include allegations of harassment based on the
(continued...)

Court "to grant an [e]mergency [s]tay of all [p]roceedings and actions in Randolph County Superior Court related to the alleged criminal case #12CVS53047 and/or any alleged criminal case against [Plaintiff] and to issue an injunction against the Randolph County Superior Court, the Randolph County District Attorney's Office, Garland Yates, the Randolph County Superior Court Clerk, and W. Scott Harkey barring them from taking any action against [Plaintiff] or in relation to the alleged criminal case against [Plaintiff]." (Docket Entry 6 at 1.)[2] Plaintiff asserts that "Defendants are acting in an illegal manner to violate [] Plaintiff's [c]ivil [r]ights under the [c]olor of [s]tate [l]aw and are using proceedings in a case . . . to further those illegal actions and to perpetrate a fraud upon this Court and the Plaintiff." (id. at 2.) Plaintiff further contends that, should the Court deny the instant Motion, "Plaintiff will suffer irreparable harm by not being able to exercise his [c]onstitutional [r]ights and not being able to present evidence to an unbiased [j]udge who is not part of the conspiracy alleged by Plaintiff in [the] Complaint." (Id.)

---

[1](...continued)
filing of his original Complaint (see id. at 1), but does not seek to replace the original Complaint (see id.).

[2] Plaintiff's instant Motion and supporting brief focus in large part on enjoining a hearing scheduled for August 12, 2013. (See Docket Entry 6 at 1.) Because that date has now passed, that aspect of the instant Motion is moot. However, fairly read, Plaintiff's instant Motion and supporting brief also ask the Court to enjoin all state court criminal proceedings against him. (See id.)

-2-

DISCUSSION

Because federal court intervention into ongoing state court criminal proceedings offends the principles of state-federal comity, it may occur only in extreme circumstances. See Younger v. Harris, 401 U.S. 37, 43-44 (1971). Accordingly, federal courts should abstain from such interference where "[(1)] there are ongoing state judicial proceedings; [(2)] the proceedings implicate important state interests; and [(3)] there is an adequate opportunity to raise any federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Rights, 38 F.3d 1392, 1396 (4th Cir. 1994). To avoid such abstention, a plaintiff must demonstrate that he lacks an adequate remedy in the state courts and that irreparable injury will occur in the absence of equitable relief in federal court. Younger, 401 U.S. at 43-44.

Abstention is proper here. As an initial matter, it appears that Plaintiff improperly seeks, at least in part, to enjoin persons and/or entities that are not Parties to this action. (See Docket Entry 6.) "[T]he Fourth Circuit has made clear that an injunction, including a preliminary injunction, cannot be enforced against a defendant over whom a district court has not obtained personal jurisdiction through valid service of process." 3M Co. v. Christian Invs. LLC, No. 1:11cv627, 2011 WL 3678144, at *4 (E.D. Va. Aug. 19, 2011) (unpublished). Moreover, the applicable factors weigh in favor abstention. First, as Plaintiff readily concedes, there is an ongoing state criminal proceeding. (See Docket Entry 6 at 1.) Second, "North Carolina has a very important,

-3-

substantial, and vital interest in preventing violations of its criminal laws." Nivens v. Gilchrist, 319 F.3d 151, 154 (4th Cir. 2003). Indeed, "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986). Finally, Plaintiff has not demonstrated that he lacks the option of presenting his instant concerns in his state court criminal proceeding, particularly where "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights," Gilliam v. Foster, 75 F.3d 881, 904 (4th Cir. 1996) (internal quotation marks omitted). (See Docket Entries 6, 7.)

Although Plaintiff's Complaint and instant Motion outline a conspiracy allegedly permeating the state criminal justice system and thereby impeding Plaintiff's ability to receive an impartial trial at that level, Plaintiff has offered only his own bare, unsworn assertions to support that contention. (See Docket Entries 6, 7.) Accordingly, no basis exists to conclude that the instant action represents one of those "most narrow and extraordinary of circumstances," Gilliam, 75 F.3d at 903, warranting federal interference in state court criminal proceedings.

## CONCLUSION

Plaintiff has failed to present grounds sufficient to permit this Court's intervention in his pending state court criminal proceedings.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion for Emergency Stay and Injunction (Docket Entry 6) be denied.

                                              /s/ L. Patrick Auld
                                                  **L. Patrick Auld**
                                     **United States Magistrate Judge**

August 22, 2013