# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JAMES J. CARTER,                    )
                                    )
              Plaintiff,            )
                                    )
         v.                         )    1:13CV613
                                    )
ARCHDALE POLICE DEPARTMENT,         )
et al.,                             )
                                    )
              Defendants.           )
```

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the undersigned on Defendants' Motion to Dismiss for Lack of Prosecution and Failure to Comply with Court Order (Docket Entry 74), and on the Court's previous Order granting expense shifting (Docket Entry 72). In a previous Order, the Court required Plaintiff to respond to and serve complete and full responses to Defendants' discovery requests and to pay Defendants' reasonable expenses in moving to compel those responses. (Docket Entry 72.) In that regard, the Court ordered Defendants to submit a statement of their reasonable expenses - which they did (Docket Entry 73-1) - and for Plaintiff to either file a Notice indicating agreement with the expenses or a Memorandum contesting the reasonableness of the expenses - which Plaintiff did not (see Docket Entries dated Sept. 17, 2014, to present). Further, Defendants have filed the instant Motion alleging that Plaintiff has failed to comply with the Court's Order to serve full and complete discovery responses and seeking dismissal of this action.

(Docket Entry 74.) Plaintiff has not responded to the instant Motion. (See Docket Entries dated Oct. 20, 2014, to present.) The undersigned now enters an Order requiring Plaintiff to pay Defendants' reasonable expenses of $381.00, and a Recommendation that the Court dismiss this action for failing to comply with a discovery order.[1]

In compliance with this Court's prior Order (Docket Entry 72), Defendants submitted a statement of the reasonable expenses they incurred in moving to compel discovery responses (Docket Entry 73-1). Plaintiff failed to respond as directed by the Court. Therefore, according to the terms of the Court's previous Order (see Docket Entry 72 at 3-4), the undersigned finds that Plaintiff waived his ability to contest the reasonableness of the expenses and orders Plaintiff to pay Defendants $381.00.

As to Defendants' instant Motion, it is beyond dispute that "discovery is a cornerstone of the litigation process . . . ." Jones v. Goord, No. 95 CIV. 8026(GEL), 2002 WL 1007614, at *1 (S.D.N.Y. May 16, 2002) (unpublished). Discovery fulfills the essential obligations of providing parties with critical information necessary to pursue or defend their claims at trial and to reduce the possibility of surprise. See Hickman v. Taylor, 329

---

[1] Because the undersigned recommends dismissal of this action pursuant to Federal Rule of Civil Procedure 37(b), the undersigned does not address Defendants' alternative argument, regarding failure to prosecute.

U.S. 495, 507 (1947). Therefore, "[a] party who flouts [discovery] orders does so at his own peril[,] as compliance with discovery orders is necessary to the integrity of the judicial process." Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc., 295 F.R.D. 1, 14 (E.D.N.Y. 2013) (alterations in original and internal quotation omitted), recommendation adopted, id. at 2-8. To ensure compliance with discovery orders, Federal Rule of Civil Procedure 37(b) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Such just orders include "dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(v). In evaluating whether dismissal reflects the most appropriate sanction, the Court must consider: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." Mutual Fed. Sav. and Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989).

In this case, the factors favor dismissal of Plaintiff's suit. First, Plaintiff has failed to comply with this Court's orders on two occasions - by not responding to either Defendants' discovery requests or Defendants' statement of reasonable expenses. In fact,

3

Plaintiff has not made any filings with this Court since June 27, 2014 (see Docket Entries dated June 27, 2014, to present) despite the Court sending notice of its Order (see Docket Entry dated Sept. 17, 2014) and Plaintiff's right to respond to Defendants' instant Motion (Docket Entry 76). The United States Post Office did not return any of these items as undeliverable (see Docket Entries dated Sept. 17, 2014, to present), so the undersigned has no choice but to find Plaintiff's silence as willful and in bad faith. Second, Plaintiff has caused Defendants significant prejudice. By failing to respond to any of Defendants' discovery requests, Plaintiff has withheld information necessary for Defendants to proceed in this litigation. One cannot reasonably expect Defendants to prepare for trial without fair notice of Plaintiff's version of events and supporting evidence.

Third, Plaintiff's stalwart refusal to participate or respond to discovery requests embodies a particularly troublesome form of noncompliance with a discovery order. By refusing to participate or respond, Plaintiff intentionally delays the swift administration of justice, and the Court must deter such activity. Fourth, and finally, lesser sanctions will not effectively ensure Plaintiff's compliance with future discovery orders. Despite the Court's previous Order to pay Defendants' reasonable expenses in seeking the Motion to Compel and to respond to Defendants' claimed expenses, Plaintiff failed to comply. Plaintiff's failure

demonstrates that the threat of financial penalties do not effectively motivate Plaintiff.  Therefore, the undersigned finds that only dismissal can address Plaintiff's non-compliance.  Thus, all four factors counsel dismissal in this case.

**IT IS THEREFORE ORDERED** that Plaintiff pay Defendants' reasonable expenses of $381.00.

**IT IS RECOMMENDED** that Defendants' Motion to Dismiss for Lack of Prosecution and Failure to Comply with Court Order (Docket Entry 74) be granted.

                                                  /s/ L. Patrick Auld
                                                    **L. Patrick Auld**
                                    **United States Magistrate Judge**

December 1, 2014